FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

MAR 21 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEIDI AMAYA, | No. 10-55538 |
| Plaintiff - Appellant, | D.C. No. 8:09-cv-00749-CJC-SS |
| v. | |
| JASON JOHN VAN BEEK; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Heidi Amaya appeals pro se from the district court's order remanding her action to the California state courts after declining to exercise supplemental jurisdiction over her second amended complaint under 28 U.S.C. § 1367. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's decision to decline supplemental jurisdiction. *Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012). We have a special obligation to satisfy ourselves of the district court's subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). We vacate and remand.

Remand of Amaya's action to state court was required because Amaya's original complaint provided no basis for federal subject matter jurisdiction, making removal improper. *See* 28 U.S.C. § 1441(a); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). Accordingly, we vacate and remand with instructions for the district court to vacate its prior orders, and to remand the action to state court.

10-55538

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**